**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| CTD NETWORKS LLC, | |
| Plaintiff, | Civil Action No. 6:22-cv-01034-XR |
| v. | |
| AMAZON.COM INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff CTD Networks LLC ("CTD Networks" or "Plaintiff"), files this Second Amended Complaint for Patent Infringement against Amazon.com Inc. ("Amazon" or "Defendant"), and would respectfully show the Court as follows:

**PARTIES**

1.      Plaintiff is a Delaware corporation having an address located at 8 The Green, Suite #13063, Dover, Delaware 19901.

2.      On information and belief, Defendant is a Delaware corporation with a principal address of 410 Terry Avenue North, Seattle, Washington 98109 and has regular and established places of business throughout this District, including at least at 11501 Alterra Pkwy, Austin, Texas 78758.  *See*  https://www.builtinaustin.com/company/amazon. Defendant is registered to do business in Texas and has may be served via its registered agent at Corporation Service Company DBA CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.      On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

4.      This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5.      This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6.      Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7.      Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages

in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8.      This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 11501 Alterra Pkwy, Austin, TX 78758, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit.  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9.      This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10.    The amount in controversy exceeds $75,000 exclusive of interests and costs.

11.    Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 11501 Alterra Pkwy, Austin, TX 78758.

## THE PATENTS-IN-SUIT

12.    On December 4, 2012, United States Patent No. 8,327,442 ("the '442 Patent"), entitled "System and method for a distributed application and network security system (SDI-SCAM)" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '442 Patent claims patent-eligible subject matter and is valid and enforceable. CTD Networks is the exclusive owner by assignment of all rights, title, and interest in the '442 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '442 Patent. Defendant is not licensed to the '442 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '442 patent whatsoever. A true and correct copy of the '442 patent is attached hereto as **Exhibit A**.

13.    On September 6, 2016, United States Patent No. 9,438,614 ("the '614 Patent"), entitled "Sdi-scam" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '614 Patent claims patent-eligible subject matter and is valid and enforceable. CTD Networks is the exclusive owner by assignment of all rights, title, and interest in the '614 Patent, including the right to bring this suit for damages, and including the right to sue and recover

all past, present, and future damages for infringement of the '614 Patent. Defendant is not licensed to the '614 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '614 patent whatsoever. A true and correct copy of the '614 patent is attached hereto as **Exhibit B**.

14.    On November 22, 2016, United States Patent No. 9,503,470 ("the '470 Patent"), entitled "Distributed agent based model for security and response" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '470 Patent claims patent-eligible subject matter and is valid and enforceable. CTD Networks is the exclusive owner by assignment of all rights, title, and interest in the '470 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '470 Patent. Defendant is not licensed to the '470 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '470 patent whatsoever. A true and correct copy of the '470 patent is attached hereto as **Exhibit C**.

15.    On November 9, 2021, United States Patent No. 11,171,974 ("the '974 Patent"), entitled "Distributed agent based model for security monitoring and response" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '974 Patent claims patent-eligible subject matter and is valid and enforceable. CTD Networks is the exclusive owner by assignment of all rights, title, and interest in the '974 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '974 Patent. Defendant is not licensed to the '974 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '974 patent whatsoever. A true and correct copy of the '974 patent is attached hereto as **Exhibit D**.

16.    The '442 Patent, '614 Patent, '470 Patent, and the '974 Patent are referred to herein as the "patents-in-suit."

17.    Plaintiff CTD Networks is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

18.    The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Amazon's security system known as Amazon CloudWatch. See https://aws.amazon.com/cloudwatch/.

## COUNT I
## PATENT INFRINGEMENT OF THE '442 PATENT

19.    Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

20.    Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '442 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

21.    On information and belief, Defendant's infringement of the '442 Patent has been willful and merits increased damages.

22.    On information and belief, Defendant has known that its activities concerning the Accused Products infringed on or more claims of the '442 Patent since at least February 8, 2021 when an email including information and a presentation regarding the '442 Patent was sent to Amazon's George Alexander. The presentation included specific risks and costs that may result if Amazon did not acquire the patents-in-suit.

23.     On information and belief, Mr. Alexander, on behalf of Amazon, made an offer to purchase and/or otherwise license the patents-in-suit.

24.     On information and belief, Defendant has made no attempt to design around the claims of the '442 Patent.

25.     On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '442 Patent were invalid.

26.     On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

27.     CTD Networks has been damaged as the result of Defendant's infringement.

28.     The claim chart attached hereto as **Exhibit E** describes how the elements of an exemplary claim 1 from the '442 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim.

## COUNT II
## <u>PATENT INFRINGEMENT OF THE '614 PATENT</u>

29.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

30.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 10 of the '614 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

31.     On information and belief, Defendant's infringement of the '614 Patent has been willful and merits increased damages.

32.     On information and belief, Defendant has known that its activities concerning the Accused Products infringed on or more claims of the '614 Patent since at least February 8, 2021 when an email including information and a presentation regarding the '614 Patent was sent to Amazon's George Alexander. The presentation included specific risks and costs that may result if Amazon did not acquire the patents-in-suit.

33.     On information and belief, Mr. Alexander, on behalf of Amazon, made an offer to purchase and/or otherwise license the patents-in-suit.

34.     On information and belief, Defendant has made no attempt to design around the claims of the '614 Patent.

35.     On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '614 Patent were invalid.

36.     On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

37.     CTD Networks has been damaged as the result of Defendant's infringement.

38.     The claim chart attached hereto as **Exhibit F** describes how the elements of an exemplary claim 10 from the '614 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim.

## COUNT III
## PATENT INFRINGEMENT OF THE '470 PATENT

39.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

40.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '470 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

41.     On information and belief, Defendant's infringement of the '470 Patent has been willful and merits increased damages.

42.     On information and belief, Defendant has known that its activities concerning the Accused Products infringed on or more claims of the '470 Patent since at least February 8, 2021 when an email including information and a presentation regarding the '470 Patent was sent to Amazon's George Alexander. The presentation included specific risks and costs that may result if Amazon did not acquire the patents-in-suit.

43.     On information and belief, Mr. Alexander, on behalf of Amazon, made an offer to purchase and/or otherwise license the patents-in-suit.

44.     On information and belief, Defendant has made no attempt to design around the claims of the '470 Patent.

45.     On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '470 Patent were invalid.

46.     On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

47.     CTD Networks has been damaged as the result of Defendant's infringement.

48.     The claim chart attached hereto as **Exhibit G** describes how the elements of an exemplary claim 1 from the '470 Patent are infringed by the Accused Products. This provides

details regarding only one example of Defendant's infringement, and only as to a single patent claim.

**COUNT IV**
**PATENT INFRINGEMENT OF THE '974 PATENT**

49.    Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

50.    Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '974 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

51.    On information and belief, Defendant has made no attempt to design around the claims of the '974 Patent.

52.    On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '974 Patent were invalid.

53.    On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

54.    CTD Networks has been damaged as the result of Defendant's infringement.

55.    The claim chart attached hereto as **Exhibit H** describes how the elements of an exemplary claim 1 from the '974 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CTD Networks respectfully requests the following relief:

A.      A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patents-in-suit;

B.      A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

C.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

D.      A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E.      A judgment and order awarding a compulsory ongoing royalty;

F.      A judgment and order awarding Plaintiff costs associated with bringing this action;

G.      Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff CTD Networks hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
Ramey LLP

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

Attorneys for CTD Networks, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I served the foregoing document via email on counsel for Defendant.

*/s/ William P. Ramey, III*
William P. Ramey, III